IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-506-M |
| | ) | |
| THE SUCCESSORS OF CURTIS | ) | |
| WAYNE TAPP, (DECEASED), et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion for Summary Judgment, filed November 20, 2015. On December 4, 2015, defendants John and Susan Uptergrove ("Uptergroves")[1] filed an objection to plaintiff's motion for summary judgment, and on December 11, 2015, plaintiff filed its reply. Also before the Court is cross claimant Robert W. Wetsel, Trustee of the Robert W. Wetsel Living Trust's, ("Wetsel") Motion for Summary Judgment, filed February 17, 2016. On March 1, 2016, the Uptergroves filed their objection to Wetsel's motion for summary judgment, and on March 12, 2016, Wetsel filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Background

On February 13, 2009, Curtis W. Tapp ("Mr. Tapp") and Verma Tapp ("Mrs. Tapp"), husband and wife, executed and delivered to Wetsel an Installment Note. Pursuant to the Installment Note, Wetsel loaned Mr. and Mrs. Tapp $25,000, with a revolving line of credit up to $75,000. *See* Installment Note, attached as Exhibit A to the Second Affidavit of Wetsel. To secure payment of

---

[1]Susan Uptergrove is the daughter of Mr. and Mrs. Tapp. John Uptergrove is Susan Uptergrove's husband. Susan Uptergrove is also the administrator of both Mr. and Mrs. Tapp's estates.

the Installment Note, Mr. and Mrs. Tapp executed and delivered to Wetsel a Mortgage of Real Estate encumbering 240 acres, more or less, in Section 1, Township 7 North, Range 22 WIM in Greer County, Oklahoma, as more particularly described in the Mortgage of Real Estate. *See* Mortgage of Real Estate, attached as Exhibit B to the Second Affidavit of Wetsel. The Mortgage of Real Estate is a first mortgage lien upon the described real property. On April 18, 2011, Mr. and Mrs. Tapp executed and delivered to Wetsel two Extension Agreements, documenting the advance of an additional $15,000 and an additional $7,500 to Mr. and Mrs. Tapp upon their line of credit advanced by Wetsel. *See* Extension Agreements, attached as Exhibits C and D to the Second Affidavit of Wetsel. On September 26, 2011, Mr. and Mrs. Tapp executed and delivered to Wetsel a Renewal & Extension Agreement, documenting the advance of an additional $27,500 to Mr. and Mrs. Tapp upon their line of credit advanced by Wetsel. *See* Renewal & Extension Agreement, attached as Exhibit E to the Second Affidavit of Wetsel.

On June 14, 2011, Mr. Tapp signed and delivered two promissory notes in the amount of $127,000 and $128,300 payable to plaintiff, acting through the Farm Service Agency ("FSA"). *See* Promissory Notes, attached as Exhibits 1 and 2 to plaintiff's Complaint for Foreclosure. On June 14, 2011, Mr. and Mrs. Tapp, as part and parcel of the above transactions and for the purpose of securing payment of said promissory notes, made, executed, and delivered to plaintiff a mortgage on the same property on which Wetsel had a mortgage. *See* Mortgage, attached as Exhibit 3 to plaintiff's Complaint for Foreclosure. This mortgage is a second mortgage lien upon the described real property. Finally, on June 14, 2011, Mr. Tapp signed a security agreement, financing statements, and motor vehicle liens for various farm equipment. *See* security agreement and financing statements, attached as Exhibits 4-8 to plaintiff's Complaint for Foreclosure.

On November 15, 2011, Mr. and Mrs. Tapp executed and delivered to Wetsel an Installment Note in the sum of $10,000, which sum Wetsel loaned to Mr. and Mrs. Tapp. *See* Installment Note, attached to Wetsel's Answer, Counter-Claim and Cross-Claim. To secure payment of this Installment Note, Mr. and Mrs. Tapp executed and delivered to Wetsel a mortgage on the same property on which plaintiff and Wetsel had mortgages. *See* Mortgage of Real Estate, attached to Wetsel's Answer, Counter-Claim and Cross-Claim. The Mortgage of Real Estate is a third mortgage lien upon the described real property.

Eventually, Mr. and Mrs. Tapp failed to pay installments on the above referenced notes and the notes and mortgages are in default and have been accelerated. On January 17, 2013, Mr. Tapp died. On December 11, 2013, Mrs. Tapp died. On May 11, 2015, plaintiff filed the instant action, and on June 3, 2015, Wetsel filed his cross-claim and counter-claim. Plaintiff and Wetsel now both move for summary judgment as to their respective claims against Mr. and Mrs. Tapp.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden

3

of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

    A.  Plaintiff's Motion for Summary Judgment

Plaintiff asserts that Mr. Tapp's execution and delivery of the note and mortgage is undisputed and that Mr. and Mrs. Tapp's default under the terms of the note, mortgage, and security agreements is undisputed. Plaintiff, thus, contends that there is no factual dispute regarding any viable issues. Plaintiff, therefore, moves for judgment *in rem* against the successors of Mr. Tapp, deceased, in the amount of $171,139.63, with interest accruing at the rate of $11.3187 per diem, until the date of judgment, and moves for the Court to order that the real estate and chattels be foreclosed and sold according to law to satisfy the judgment of plaintiff.

The Uptergroves object to plaintiff's motion and assert that all administrative rights afforded by law and regulation were not offered in relation to the note, mortgage and security agreements. The Uptergroves contend that the notices the FSA sent regarding accelerating the debt owed by Mr. and Mrs. Tapp were sent to the wrong addresses. The Uptergroves further contend that Mrs. Tapp prevailed in her discrimination complaint against the United States Department of Agriculture and that this creates substantial issues of fact and law precluding the entry of summary judgment.

In reply, plaintiff asserts that Mrs. Tapp's discrimination complaint is not relevant to this case. Mrs. Tapp's complaint was based on an attempt to apply for a loan in June of 1995, sixteen

4

years prior to the June 14, 2011 date of the loans to Mr. Tapp. Further, Mr. Tapp entered into his promissory notes on June 14, 2011, outside the window of the civil rights litigation. Additionally, plaintiff asserts that Mr. Tapp is the only person that signed the promissory notes with the FSA; Mrs. Tapp is not a borrower of the FSA and is not liable for any debt to the FSA. Finally, plaintiff states it is only seeking to liquidate the assets and apply the proceeds to the amount owing.

Having carefully reviewed the parties' submissions, the Court finds that it is undisputed that Mr. Tapp executed and delivered the note and Mr. and Mrs. Tapp executed and delivered the mortgage and that Mr. Tapp has defaulted under the terms of the note, and Mr. and Mrs. Tapp have defaulted under the terms of the mortgage and security agreements. The Court further finds that the Uptergroves have not submitted any evidence to dispute that Mrs. Tapp signed for the certified mail regarding the FSA's servicing options, as set forth in plaintiff's undisputed facts nos. seven and nine. Finally, the Court finds that Mrs. Tapp's discrimination complaint is not relevant to this case and does not create any material issue of fact or law precluding the entry of summary judgment.

Accordingly, the Court finds that plaintiff is entitled to summary judgment as to Mr. and Mrs. Tapp.

### B. Wetsel's Motion for Summary Judgment

Wetsel asserts that Mr. and Mrs. Tapp's execution and delivery of the notes and mortgages to Wetsel is undisputed and that Mr. and Mrs. Tapp's default under the terms of the notes and mortgages is undisputed. Wetsel further asserts that there is not any factual dispute regarding a viable issue. Wetsel, therefore, moves for judgment *in rem* against the successors of Mr. Tapp, deceased, and the successors of Mrs. Tapp, deceased, in the amount of $124,610.40, with interest accruing at the rate of $27.59 per diem, until the date of judgment upon Wetsel's first note and

mortgage, and in the amount of $7,394.35, with interest accruing at $1.64 per diem, until the date of judgment upon Wetsel's second note and mortgage, and moves for the Court to order that the real estate be foreclosed and sold according to law to satisfy the judgment of Wetsel.

The Uptergroves object to Wetsel's motion. Specifically, the Uptergroves assert that Wetsel has not submitted sufficient evidence that the full amount of the line of credit in relation to the first note and mortgage was ever obtained by Mr. and Mrs. Tapp. The Uptergroves further dispute the amount of money that is owed in relation to Wetsel's first note and mortgage and contend that Wetsel has not submitted any statement of the payments that he received. The Uptergroves also assert that payments made in relation to Wetsel's second note and mortgage that should have applied to the second note were not applied to the second note and that the second note should have been paid first by the terms of the agreement. Finally, the Uptergroves contend that additional discovery is needed to determine the actual facts of the case. In his reply, Wetsel submits copies of the signed extension agreements with Mr. and Mrs. Tapp, accepting the advancement of the remainder of the $75,000 line of credit.

Having carefully reviewed the parties' submissions, the Court finds that while it is undisputed that Mr. and Mrs. Tapp executed and delivered the notes and mortgages to Wetsel and that Mr. and Mrs. Tapp defaulted under the terms of the notes and mortgages, the actual amount owed as to each note is disputed. Specifically, the Court finds that Wetsel's second note states: "It is also agreed that this note will be paid prior to the other note to Robert W. Wetsel Living Trust for $75,000 plus fees and interest." November 15, 2011 Installment Note at 2, attached to Wetsel's Answer, Counter-Claim and Cross-Claim. Wetsel, however, has not submitted sufficient evidence, and in particular any evidence regarding the specific payments made by Mr. and Mrs. Tapp and to

which note these payments were applied, showing the amount of money that is owed in relation to Wetsel's first and second notes and mortgages. Accordingly, the Court finds that Wetsel is not entitled to summary judgment.

IV. Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion for Summary Judgment [docket no. 30] and DENIES Wetsel's Motion for Summary Judgment [docket no. 33].[2]

**IT IS SO ORDERED this 12th day of May, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] Because plaintiff's mortgage is a second mortgage and is inferior to Wetsel's first mortgage, the Court finds that it would be more appropriate to enter one foreclosure judgment in this case. Therefore, the Court will wait to enter any judgment in this case until the disputed factual issues in relation to Wetsel's notes and mortgages have been resolved.

7